UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MELISSA K. COLLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02241-JRS-DLP |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Melissa Collins for a writ of habeas corpus challenges a prison disciplinary proceeding identified as number IWP 18-02-0123. For the reasons explained in this Order, Ms. Collins's petition for a writ of habeas corpus must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 Fed. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563–67 (1974).

### B. The Disciplinary Proceeding

On February 20, 2018, Indiana Department of Correction (IDOC) Investigator Bonnie Russell filed a Report of Conduct that charged Ms. Collins with Engaging in Unauthorized Financial Transaction, a violation of the IDOC Adult Disciplinary Process offense B-220. Dkt. 9-1. The Conduct Report provides:

> On 2/1/18 the investigations office, Investigator Bonnie Russell received a letter to a Melissa Collins 216933 who is currently housed at IWP. In the letter it contained a letter from an Attorney written for another offender, Shea Terry 260532. After reviewing the letter, evidence in the case, and interviewing offender it was determined offender Melissa Collins was engaging in unauthorized financial transactions by writing and submitting a Request for Remittance from another offender's account, rather [sic] or not the offender allowed her to do this or not. See Report of Investigation of Incident for more detail.

Dkt. 9-1.

Ms. Collins was notified of the charge on February 23, 2018. Dkt. 9-4. She pled not guilty, requested a lay advocate, two witnesses, and camera footage. *Id.*

The hearing officer ("DHO") conducted the disciplinary hearing on March 13, 2018. Dkt. 9-7. Ms. Collins's comment was, "Ignorance is not an excuse. I didn't tell her not to do it. I beg you please just give me a chance." *Id.* The video summary provides: "Camera footage has no bearing in this case. Conduct report was written based on I&I investigation. Offender Collins, Melissa # 216933 did not state to this writer what she wants the footage to show. The above offender also did not provide the date and time of video footage to be reviewed." Dkt. 9-8. Erin Bryant, one of Ms. Collins's requested witnesses, gave a written statement that "Ms. Collins informed me . . . that Shenae Terry offered to provide her financial means for a lawyer. Collins shared that she accepted the money . . . ." Dkt. 9-9. Ms. Collins's other requested witness, Mr. Medvescek, also provided a written statement that "Offender Collins states that she was not aware it was against policy to accept money from an offender." Dkt. 9-10.

The DHO considered staff reports, Ms. Collins's statement, and the Report of Investigation, dkt. 9-2, and found Ms. Collins guilty of the offense. Dkt. 9-7. The DHO wrote that "Offender did admit to discussing the financial transaction with Offender. The money was sent in order to assist with Collins modification by Terry, which is a financial transaction." *Id.* The sanctions imposed included the loss of twenty days of earned credit time. *Id.*

Ms. Collins timely appealed to the Warden (the facility head). Her appeal stated:

> I was not called to confiscated mail. I was not present when this mail was opened, this was legal mail from an attorney. I did not sign for this mail. Due process was violated when I was not informed within 2 working days of the confiscated mail. It was received on Jan. 29, 2018 and I did not receive a confiscation form . . . until 2/22/18 and the name of the sender was not contained in the notice. In the matter that the letter contained just an address and NO SENDER NAME. The mail should have been returned to sender.
>
> Policies and Procedures Number 02-01-103.

Dkt. 9-11.

On April 6, 2018, the appeal was denied. A final appeal to the Appeal Review Officer was denied on June 27, 2018. Ms. Collins filed her petition for a writ of habeas corpus on July 20, 2018. The Warden has filed a return. Ms. Collins did not file a reply.

**C.    Analysis**

Ms. Collins raises three grounds for relief in her petition. The Court interprets the first ground as a challenge the sufficiency of the evidence because Ms. Collins "was unaware an attorney fee was paid at the time it was sent," and when she found out she requested that it be returned. This ground may also contend that the sanction imposed was too harsh. Dkt. 1-1, p. 5. The Court interprets the second ground as a challenge to the IDOC's failure to follow its policies on the confiscation and opening of mail. *Id.*, p. 7. As to the third ground, the Court interprets it to also challenge the sufficiency of the evidence and the IDOC's failure to follow its policies. *Id.*,

pp. 9-12. The Warden has given a similar construction to Ms. Collins's grounds for relief and responded accordingly. Dkt. 9, p. 6.

**Ground One**

The Warden first contends that Ms. Collins's administrative appeal was based entirely on her belief that the IDOC did not follow its policies for the opening and confiscation of mail. Therefore, the Warden argues, a challenge to the sufficiency of the evidence and severity of the sanction have not been exhausted and are procedurally defaulted.

Ms. Collins's appeal to the Warden and the Appeal Review Officer does not assert an innocence defense, take issue with the sufficiency of the evidence, or mention the sanction imposed. It argues only that the mail was improperly opened, confiscated, and she was not timely informed. Dkt. 9-11. The Warden is therefore correct that Ms. Collins has not exhausted these grounds for relief, and her time for doing so has passed.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Martin v. Zatecky*, 749 F. App'x 463 (7th Cir. 2019) (citing *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004)). Procedural default caused by failure to exhaust administrative review can be overcome if the petitioner shows cause and prejudice or shows that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Ms. Collins did not file a reply to the Warden's return, thus she has not attempted to show cause and prejudice nor a fundamental miscarriage of justice to excuse the procedural default. Therefore,

Ms. Collins is barred from having her challenges to the sufficiency of the evidence and the severity of the sanction reviewed by this Court. Habeas corpus relief under ground one is **denied**.

### Ground Two

Ms. Collins's challenge to her disciplinary conviction because the IDOC failed to follow its internal policies in the opening, confiscation, and notice to her of the mail was properly exhausted. However, the IDOC's failure to follow its own policies is not a cognizable federal due process claim. *See Estelle v. McGuire*, 502 U.S. 62, 68 n. 2 (1991) ("state-law violations provide no basis for federal habeas relief."); *Keller v. Donahue,* 271 Fed. Appx. 531, 532 (7th Cir. 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations. What matters is the Due Process Clause."). Habeas corpus relief under ground two is therefore **denied**.

### Ground Three

Ms. Collins's third ground for relief contains a combined challenge to the sufficiency of the evidence and IDOC's failure to follow its own policies. For the reasons given in grounds one and two, above, this ground for relief is also **denied**.

### D. Conclusion

None of the grounds for relief presented by Ms. Collins in support of her petition for a writ of habeas corpus have merit. The only cognizable due process claim cannot be addressed because it is unexhausted and procedurally defaulted, and the other claims are not federal due process issues.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there

was no constitutional infirmity in the proceeding which entitles Ms. Collins to the relief she seeks. Accordingly, the petition for a writ of habeas corpus must be **denied** and the action dismissed with prejudice.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date: May 17, 2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Melissa K. Collins
#216933
Indiana Women's Prison
2596 Girls School Road
Indianapolis, IN 46214

Aaron T. Craft
Indiana Attorney General
aaron.craft@atg.in.gov